IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**ALBERT C. SMITH FARM**                                            **PLAINTIFF**

**VS.**                                **CAUSE NO.: 2:08CV100-MPM-DAS**

**MONSANTO AG PRODUCTS, LLC,**
**formerly known as DELTA AND PINE LAND**
**COMPANY**                                                 **DEFENDANT**

**ORDER**

This cause comes before the court on the motion of defendant Monsanto AG Products, LLC, ("Monsanto AG") formerly known as Delta and Pine Land Company ("D&PL"), seeking for this court to reconsider its prior order remanding this case.

In seeking reconsideration, defendant argues as follows:

1. The Court by Order dated October 10, 2008 granted a period of remand-related discovery that would follow the filing of Monsanto Ag's Response to the Motion to Remand. *See* (Consolidation Order, Oct. 10, 2008) (Dkt. Entry # 17 in Cause No. 2:08cv100). Monsanto Ag requests that it be allowed to utilize that previously-granted period for limited discovery so that it may supplement the record with facts relative to this Court's jurisdictional inquiry into Monsanto Ag's principal place of business.

2. In light of the Court's concerns regarding the precision of proof as to the significance of Monsanto Ag's operations in Scott, Mississippi and the Court's acknowledgment that there are doubts surrounding its resolution of the principal place of business issue, Monsanto Ag respectfully requests that the Court consider any additional discovery taken during this period, in keeping with the parameters established under the October 10, 2008 Order. Monsanto Ag believes that the facts produced during such discovery will resolve the Court's doubts regarding the critical jurisdictional issue before it.

This court will candidly acknowledge that it was unaware that the Magistrate Judge had indicated, in an October 11, 2008 consolidation order, that additional discovery "may" be necessary following defendant's submission of its response to the motion to remand.

Regardless, it is apparent that the Magistrate Judge's order is conditional in nature, merely noting the parties' understanding that additional discovery "may" be necessary following defendant's response and providing that, if such is the case, then certain specified discovery devices may be used. Specifically, the Magistrate Judge's order provides as follows:

> All parties agree that following the defendant's response to the motion to remand, limited discovery related only to the issue of remand may be necessary. If so, the parties are hereby granted three depositions per side with fifteen interrogatories, requests for production of documents, and requests for admissions. These, of course, are to be propounded as succinct questions as in the typical case management order, and discovery as to this issue will be limited to thirty days from the filing of the response. Plaintiff's counsel may then file his reply within five days of the final day of the discovery period.

Thus, the Magistrate Judge's order did <u>not</u> expressly order additional remand-related discovery, but merely provided for the scope of such discovery in the event that it proved necessary, following defendant's response.

In light of the foregoing, this court must determine whether additional discovery was, in fact, necessary following defendant's response to the motion to remand, and the answer to this question is clearly "no." Defendant suggests that it needs additional discovery so that it may delve into the scope of its own operations, but it should be readily apparent that discovery on this subject is not (and, indeed, never was) needed by defendant. Obviously, defendant is already fully aware of the scope of its own operations, and the Fifth Circuit authority upon which it relied in its brief clearly indicates that the issue of whether a corporation's activities are "active" or "passive" is an important factor in assessing whether the "nerve center" of a corporation

2

should be considered its principal place of business. *See Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 876 (5th Cir. 2004). It should therefore have come as no surprise to defendant that this court found this issue to be an important one for remand purposes.

Defendant thoroughly and ably briefed its response to the motion to remand and submitted fifteen exhibits which it felt best proved its case. That being the case, the court has little doubt that defendant would have submitted affidavits or other proof establishing that its Scott, Mississippi facility was of no particular importance to its production operations if such were actually the case. The court would note that defendant's representatives repeatedly submitted post-merger documents indicating that Mississippi, rather than Arizona, Texas or some other state, was its principal place of business and/or address, and it seems quite doubtful that it would have done so if Mississippi were just one production location among many.

The court would finally note that the Magistrate Judge's order was for the benefit of plaintiff rather than defendant, since it provided for additional discovery *after* defendant had submitted its response to the motion to remand and made no provision for a sur-rebuttal or other such briefing by defendant. If defendant had felt that it needed additional discovery, then it no doubt would have sought for such discovery to be performed prior to its response being due. This court granted defendant an extension of time to file its response to the motion to remand, and defendant made no mention that it needed additional discovery prior to filing its response. These points are largely irrelevant in this context, however, since, to reiterate, defendant manifestly needed no discovery regarding the scope of its own operations.

The court therefore concludes that the motion to reconsider its order remanding this case should be denied in this and the following cases pending before this court:

2:08cv104; 2:08cv109; 2:08cv110; 2:08cv113; 2:08cv116; 2:08cv120;

2:08cv123; 2:08cv126; 2:08cv128; 2:08cv135; 2:08cv136; 2:08cv137;

2:08cv145; 2:08cv146; 2:08cv147; 2:08cv149; 2:08cv150; 2:08cv152.

SO ORDERED, the 21st day of November, 2008.

                                                **/s/ MICHAEL P. MILLS**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**
                                                **NORTHERN DISTRICT OF MISSISSIPPI**